FILED

NOV 4 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MALKEET LNU; et al., <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-4790 <br><br> Agency Nos. <br> A241-692-761 <br> A241-692-762 <br> A241-692-763 <br><br> ORDER |

Before: PAEZ, BEA, and FORREST, Circuit Judges.

On behalf of Petitioners, Attorney Mike Singh Sethi filed an opening brief with multiple fabricated citations and quotations. Sethi cited two cases that do not exist: *Eduardo v. Garland*, 28 F.4th 742 (9th Cir. 2022), cited at pages 5 and 16 of Petitioners' opening brief, and *Lay v. Holder*, 729 F.3d 962 (9th Cir. 2013), cited and discussed at page 16. And Sethi twice attributed quotations to opinions in which the quoted language does not appear: *Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir. 2001), at page 17 of the opening brief, and *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1080 (9th Cir. 2015), at page 19.

After the panel denied the parties' joint motion to submit this case on the briefs, Sethi filed a motion to correct the record regarding errata in the opening brief. That motion represented the two nonexistent cases—*Eduardo v. Garland* and *Lay v. Holder*—as typographical errors. Sethi sought to replace those cases

with two cases that have similar names, entirely different reporter numbers, and in the case of *Lay*, a different year and a different holding. Both replacement cases either do not support or are weak support for their intended propositions. The motion does not explain how such significant typographical errors occurred.

Sethi did not appear for oral argument. Attorney William Rounds appeared on behalf of Petitioners instead. At oral argument, confronted with the above issues, Rounds at first insisted that artificial intelligence was not used to draft Petitioners' briefs and that the errors were typographical.[1] He later conceded that artificial intelligence might have been used by the individual who drafted the briefs, and that said individual was not yet licensed to practice law.[2] Since oral argument, we have identified further issues in Petitioners' reply brief,[3] and we have identified at least two other opening briefs filed in pending cases in which Sethi cites cases that do not exist.[4]

---

[1] Video Recording of Oral Argument, *Lnu, et al. v. Bondi*, No. 24-4790, at 8:47–10:54, https://www.ca9.uscourts.gov/media/video/?20251020/24-4790/.

[2] *Id.* at 11:00, 13:01.

[3] Part of the quote attributed to *Bandari v. INS*, 227 F.3d 1160, 1167 (9th Cir. 2000), on page 4 and 5 of the reply brief does not appear in the opinion. On page 2 of the reply brief, counsel cites *Singh v. Gonzales*, 491 F.3d 1090, 1096–97 (9th Cir. 2007), for a proposition related to adverse credibility, but the case does not discuss adverse credibility. On page 5, counsel represents the holding of *Zahedi v. INS*, 222 F.3d 1157, 1165 (9th Cir. 2000), as concerning affidavits, but the opinion does not discuss affidavits.

[4] In *Anguiano Alvarado v. Bondi*, No. 25-2485, Sethi cited three cases that do not appear to exist: *Garcia v. Garland*, 60 F.4th 1239 (9th Cir. 2023); *Hernandez v. Sessions*, 873 F.3d 1120 (9th Cir. 2017); and *Vasquez-Zavala v. Garland*, 69

Attorneys Sethi and Rounds are each **ORDERED** to show cause in writing, separately, why they should not be sanctioned, suspended, or disbarred from practice before this court under Federal Rule of Appellate Procedure 46(b)(1)(B) for "conduct unbecoming a member of this court's bar," and under Ninth Circuit Rule 46-2(a) for "violating applicable rules of professional conduct."  *See* Cal. R. Pro. Conduct 3.1(a)(2) ("A lawyer shall not . . . present a claim or defense in litigation that is not warranted under existing law . . . ."); *id.* R. 3.3(a)(1) ("A lawyer shall not . . . knowingly make a false statement of fact or law to a tribunal . . . .");  *see also Chambers v. Nasco, Inc.*, 501 U.S. 32, 45–50 (1991) (describing "the inherent power to impose sanctions for . . . bad faith conduct").  The response is due within 28 days of the filing of this order.  9th Cir. R. 46-2(d); 9th Cir. Gen. Ord. 12.9(a).

If counsel do not file responses within 28 days, the court will take disciplinary action without further notice.  *See* Fed. R. App. P. 46(b), (c); 9th Cir. R. 46-2(d).  If counsel file responses that do not include requests for hearings, the right to a hearing will be deemed waived.  Fed. R. App. P. 46(c); 9th Cir. R. 46-2(d).

---

F.4th 1086 (9th Cir. 2023).  In *Contreras Pelayo v. Bondi*, No. 24-5168, Sethi cited two cases that do not appear to exist, at least at these reporter numbers: *Eduardo v. Garland*, 28 F.4th 742 (9th Cir. 2022) and *Gutierrez-Alm v. Garland*, 72 F.4th 446 (9th Cir. 2023).

In addition, for the foregoing reasons, Petitioners' Motion to Correct the Record, Dkt. 35, is **DENIED**.